# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

    v.                                                      Case No.:   3:22cr015/MCR

**ARRON BLAKE SANDERS.**
_____/

## ORDER

Defendant Arron Blake Sanders pled guilty to one count of possessing a firearm as a convicted felon. The Presentence Investigation Report applies a four-level upward adjustment under U.S.S.G. § 2K2.1(b)(6)(B) based on Sanders having possessed the subject firearm while also in possession of methamphetamine residue and drug paraphernalia, and his admission to having sold methamphetamine in the past. *See* PSR, ECF No. 32 at 5. Sanders objects, arguing that the Government cannot prove the firearm "facilitated or had the potential to facilitate" his drug possession because of his statements to law enforcement that the small quantity of drugs in his possession were for personal use, that he had stopped selling drugs "almost a month [before]" his arrest, and that the baggies in his car were left over from his bygone drug dealing days. *See* Sanders Objection, ECF No. 30 at 2-3. On consideration of the parties' arguments, the record, and the applicable law, Sanders' objection is overruled.

Section 2K2.1(b)(6)(B) provides for a four-level enhancement of the base offense level for a defendant who "used or possessed any firearm or ammunition in

connection with another felony offense."[1]  The Application Notes state that a sufficient connection exists where the firearm "facilitated, or had the potential of facilitating," the other felony offense.  *See* U.S.S.G. § 2K2.1(b)(6)(B) at cmt. n.14(A).  Of relevance here, Application Note 14(B) states that § 2K2.1(b)(6)(B) automatically applies "in the case of a drug trafficking offense in which [a] firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia."  *Id*. at cmt. n.14(B); *see also United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019).  However, where the other felony is only a drug possession offense, rather than drug trafficking, mere proximity alone does not satisfy § 2K2.1(b)(6)(B).  *Bishop*, 940 F.3d at 1252.  Rather, proximity between the firearm and drugs possessed for personal use must be accompanied by a specific finding that the firearm facilitated or had the potential to facilitate the defendant's drug possession for the enhancement to apply.  *Id*.

The Government bears the burden of proving the factual basis and applicability of § 2K2.1(b)(6)(B) by a preponderance of the evidence.  *United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999).  A district court's factual findings under the Guidelines are reviewed for clear error.  *United States v. Carillo-Ayala*, 713 F.3d 82, 87 (11th Cir. 2013).  With respect to factual findings made in connection with § 2K2.1(b)(6)(B) specifically, where the evidence is consistent with both personal use

---

[1] "Another felony offense" includes crimes that are "punishable by imprisonment for a term exceeding one year" under federal, state, or local law, "regardless of whether a criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1 cmt. n.14(C).

Case No. 3:22cr015/MCR

and drug trafficking, a district court's choice between two reasonable views of the evidence does not amount to clear error. *See United States v. Rembert*, 807 Fed. App'x 953, 957 (11th Cir. 2020) (citing *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016)).

Here, the Factual Basis and PSR—the factual accuracy of which are not disputed by Sanders—support a finding by a preponderance of the evidence that Sanders possessed the firearm and ammunition in connection with a drug trafficking offense, such that § 2K2.1(b)(6)(B) automatically applies. During a traffic stop, a 7.62 caliber rifle, loaded with a large capacity magazine, was observed between Sanders' right leg and the center console of the vehicle, and two 7.62 caliber bullets were found in Sanders' front pocket. *See* Factual Basis, ECF No. 22 at 1-2; PSR, ECF No. 32 at ¶ 11. A small blue case inside the vehicle contained an additional 48 rounds of 7.62 caliber ammunition. *See* Factual Basis, ECF No. 22 at 2; PSR, ECF No. 32 at ¶ 12. The firearm and ammunition also were "found in close proximity to drugs, drug-manufacturing materials, [and] drug paraphernalia." *See* U.S.S.G. § 2K2.1(b)(6)(B) at cmt. n.14(B). More specifically, in a black box behind the passenger seat, law enforcement found three scales (two with white residue that field tested positive for methamphetamine), a spoon with less than one gram of a white substance on it (positive field test for methamphetamine), a metal funnel with white residue, several small jeweler's bags with white residue (positive field test for methamphetamine), 150 empty jeweler's bags, and a jeweler's bag containing approximately 1 gram of a white

crystalline substance. *See* PSR, ECF No. 32 at ¶ 12. All of these items—the firearm, ammunition, drugs and drug trafficking materials—were within Sanders' immediate reach, and, post-*Miranda*, he conceded that all of the items belong to him. He also admitted that the items in the black box—e.g., the scales, funnel, and large number of small baggies—were, in fact, used by him to traffic methamphetamine (as opposed to personal use) in the past. *See id*. at ¶ 13. The record does not show that the car contained any paraphernalia used to consume methamphetamine. Taken together, this evidence is sufficient to establish that Sanders possessed the rifle, ammunition, drugs, scales, funnel, and baggies in connection with a drug trafficking offense. *See, e.g., Rembert*, 807 Fed. App'x at 957 (same regarding car containing a loaded gun, 18.6 grams of marijuana, a digital scale, and a box of empty sandwich baggies); *see also United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008) (large number of empty plastic baggies and lack of paraphernalia to consume drug is evidence of intent to distribute); *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989) (scales are "commonly used in connection with" drug distribution).

    Sanders argues the record should be construed as establishing only a drug possession offense, rather than drug trafficking, based on the very small amount of methamphetamine found (less than 2 grams) and his statements that he had stopped selling methamphetamine "almost a month" before his arrest, that the jeweler's baggies were left over from "before," and that the methamphetamine and residue in the vehicle were just for his "personal use." *See* Def. Objection, ECF No. 30 at 2-3. The Court

disagrees.  The evidence is certainly consistent with a conclusion that Sanders does personally use methamphetamine.  However, that conclusion does not preclude this Court's finding that the combination of items discovered in close proximity to each other, and to Sanders, inside the vehicle (which, again, include a rifle, ammunition, methamphetamine, three scales, a funnel, and a large number of small baggies) establish by a preponderance of the evidence that Sanders possessed the firearm in connection with a drug trafficking offense.  *Rembert*, 807 Fed. App'x at 957 (citing *Smith*, 821 F.3d at 1302) (holding that where the evidence is consistent with both intent to distribute and personal use, "the district court's choice between two reasonable views of the evidence [does] not amount to clear error").  Accordingly, the § 2K2.1(b)(6)(B) applies and Sanders' objection is **OVERRULED**.

**SO ORDERED**, on this 9th day of August, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**